# Holland *v.* Kaufman Department Stores, Inc., Appellant.

*Negligence—Excessive verdict—New trial—Abuse of discretion —Practice, Appellate Court.*

The appellate court will not reverse a judgment on a verdict on the ground that the verdict was excessive, unless it is made to appear that the court below was guilty of abuse of discretion.

Argued October 17, 1919. Appeal, No. 95, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1918, No. 2213, on verdict for plaintiff in case of George Fay Holland, a minor, by his next friend and grandfather, John J. Holland, v. Kaufman Department Stores, Inc. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, J.

Verdict and judgment for plaintiff for $5,000.

On a motion for a new trial SHAFER, J., filed the following opinion:

The action was by a minor, who came of age before the trial of the case, for injuries sustained by being struck by a wagon belonging to, and driven by a servant of, the defendant. Liability was conceded and the only question in the case was the extent of the injuries of the plaintiff, and the damage sustained by him. The verdict was for $5,000 and the defendant's principal reason for asking a new trial is that this verdict was excessive and against the weight of the evidence. If the medical testimony on the part of the plaintiff was believed by the jury they were fully justified in finding a verdict for this amount, and we are unable to say that the jury should not have believed it. The motion is therefore refused.

Defendant appealed.

*Error assigned* was in refusing new trial.

*George C. Bradshaw* and *Charles F. Patterson,* for appellant.

*H. Fred Mercer,* for appellee, was not heard.

PER CURIAM, January 5, 1920:

The single assignment of error is to the refusal of the court below to grant a new trial. That there was no abuse of discretion in refusing it sufficiently appears in the opinion dismissing the motion for it.

Judgment affirmed.